# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TONYA J. DAHARSH, individually and as next friend of TARYN A. GRAALFS, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA L. THIELEN, JUSTIN L. GRAALFS, and GRAALFS FARMS, INC.,<br><br>Defendants. | 8:16CV305<br><br>**SECOND AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE** |

This matter is before the Court on the Agreed Motion to Alter Scheduling Order ([Filing No. 60](#)) filed by Defendant, Justin L. Graalfs. The parties have diligently been conducting discovery in this case, and have agreed to an extension of certain case progression deadlines. Accordingly,

**IT IS ORDERED** that the Agreed Motion to Alter Scheduling Order ([Filing No. 60](#)) is granted. The provisions of the Court's earlier, initial progression order remain in effect, and in addition to those provisions, certain deadlines are amended as set forth below:

1. **Motions to Dismiss and Motions for Summary Judgment.** Motions to Dismiss and/or Motions for summary judgment shall be filed not later than **December 20, 2017**. *See* NECivR [56.1](#) and NECivR [7.1.](#)

2. **Discovery Deadlines:**

    a. **Deposition Deadline.** All discovery depositions shall be completed by **December 20, 2017**. All trial depositions shall be completed by **March 1, 2018**.

    b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **December 18, 2017**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

    c. **Discovery Motions.** Discovery motions shall be filed not later than **November 17, 2017,** as to matters which are then ripe for decision; discovery

matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(i). Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

3. **Disclosure of Expert Witnesses.**[1] Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and shall serve expert reports by **November 17, 2017**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **December 18, 2017**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. **Motions in Limine.**

   a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **December 20, 2017**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

   b. Any other motions in limine shall be filed on or before **February 16, 2018**.

5. The **Pretrial Disclosures** deadlines, the **Final Pretrial Conference,** and the **Trial** remain as previously scheduled in the Court's April 24, 2017, Amended Order Setting Final Schedule for Progression of Case (Filing No. 44).

6. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

Dated this 17th day of October, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge